**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RUBEN OLIVARES-RODRIGUEZ<br><br>Defendant. | **No. 09-CR-4048-DEO**<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

Before the Court and on file at Docket No. 120 (10/02/2012) is the Report and Recommendation ("R&R") issued by Magistrate Judge Leonard T. Strand concerning the plaintiff's Motion to Dismiss Defendant's Petition for Writ of Error of Coram Nobis (Docket No. 119, 08/16/2012). The R&R recommends that the Government's Motion to Dismiss Defendant's Petition for Writ of Error of Coram Nobis be denied. Magistrate Strand recommends that Defendant's petition be re-filed by the clerk's office as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 with a filing date of July 12, 2012, and that Defendant must supplement his motion by filing Form AO 243—Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody, which is available through the court's website. Magistrate Strand recommended that be filed by November 30,

2012. The parties have not filed any objections to the Report and Recommendation.

**I. FACTS**

Ruben Olivares-Rodriguez was indicted by the grand jury of the United States District Court of the Northern District of Iowa for possession of a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). He entered a guilty plea on July 2, 2010, and was sentenced on October 5, 2010, to the United States Bureau of Prisons for 36 months imprisonment and three years of supervised release. Mr. Olivares-Rodriguez is a legal permanent resident in the United States. Mr. Olivares-Rodriguez appealed, and the Eighth Circuit Court of Appeals affirmed the judgment of the district court on April 7, 2011. His petition for rehearing en banc and rehearing by the panel was denied on June 2, 2011. Mandate issued on June 10, 2011, and no petition for writ of certiorari was filed. Mr. Olivares-Rodriguez filed a petition for writ of error coram nobis on July 12, 2012. He states that he is currently detained at the South Texas Detention Center, Pearsall, Frio County, Texas, by the Department of Homeland Security,

Immigration and Customs Enforcement, Detention and Removal Division. He was released from Bureau of Prisons custody on April 25, 2012, and remains on supervised release until April 25, 2015. Mr. Olivares-Rodriguez seeks to have his conviction vacated alleging ineffective assistance of counsel.

He alleges that he received ineffective assistance of counsel because his appointed counsel did not advise him of the consequences of a guilty plea to his immigration status as required by Padilla v. Kentucky, 130 S. Ct. 1473 (2010).

## II. STANDARD

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1).

## III. ANALYSIS

The Court has reviewed the Report and Recommendation, along with the entire file, and finds Judge Strand's analysis and recommendations are appropriate and correct. The Court

3

notes that neither party has filed an objection.  Accordingly, the Court hereby **ADOPTS** the Report and Recommendation (Docket No. 120) in its entirety.[1]  For the reasons set forth therein, the Court Order's the Plaintiff's Motion to Dismiss (Docket No. 119) be **DENIED**.   However, the Court notes that the time timetable for filing supplemental proceedings laid out in Judge Strand's Order must be amended, which the Court does below.

**IV. CONCLUSION**

**IT IS ORDERED** that this Court accepts Judge Strand's Report and Recommendation.  Plaintiff's motion to dismiss defendant's petition for writ of error of coram nobis (Docket # 119) is denied.  **Defendant's petition will be re-filed by the clerk's office as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 that will be deemed to have been filed on July 12, 2012**.

---

[1] Although the contents of the Report and Recommendation will not be repeated, it is hereby referenced and incorporated as if fully set out herein.

Defendant's counsel must supplement his motion by filing Form AO 243—Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody, which is available through the court's website. This must be filed by **February 28, 2013.**

The Court is persuaded that habeas counsel shall incorporate a paragraph within the supplemental petition listing the name of the lawyer(s) alleged in any ineffective assistance of counsel claim, so each named attorney can be added to the docket of this case and receive proper notification of an evidentiary hearing. Any named counsel whose representation is challenged shall cooperate with the United States and provide information, documents, and an affidavit, if necessary, responsive to any ineffective assistance of counsel claim in Petitioner Parson's § 2255 motion. **Once an attorney is identified as having an ineffective assistance of counsel claim against him, they shall receive a copy of this Order, be added to the docket in this matter by the Clerk of Court, and will be required to**

**participate in any hearing scheduled on the merits of the Petition**.[2]

**IT IS SO ORDERED** this 7th day of January, 2013.

*Donald E. O'Brien*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

---

[2] A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney necessary to prove or disprove the claim. United States v. Pinson, 584 F.3d 972, 978 (10th Cir. 2009) (citing Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974)("When a client calls into public question the competence of his attorney, the privilege is waived.")).